### JEREMIAH COLLINS et al. *v.* ANNE O'BRIEN PRATT.

The heirs at law cannot assert and prove simulation, in the contracts made by the person from whom they inherit.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
    P. E. *Bonford* and R. W. *Gurley,* for plaintiffs and appellants.    *Durant &
Hornor* and W. H. *Paxton,* for defendant.

BUCHANAN, J.    The plaintiffs, heirs of *Sargeant Pratt,* deceased, institute this suit against defendant, widow of said *Pratt,* to have certain slaves and movable

effects, which are in her possession, decreed to be the separate estate of *Sargeant Pratt*.

It appears that *Sargeant* was possessed of those slaves as owner, previously to his marriage with defendant, but conveyed them to his brother, *Edwin H. Pratt*, for a price in cash, by deeds duly recorded. Some years afterwards, and after the marriage of defendant and *Sargeant Pratt*, *Edwin Pratt* reconveyed the same slaves to his brother. The plaintiffs maintain that both those conveyances were simulations, and that the slaves, in truth, never ceased to be the property of *Sargeant Pratt*.

A bill of exceptions was reserved by the defendant to the admission of evidence, to prove the simulation of the conveyances of property in question.

The plaintiffs are heirs at law, but not forced heirs, of *Sargeant Pratt*.

It was, therefore, incompetent for them, to assert and prove the simulation of contracts made by *Sargeant Pratt*.

The evidence should have been rejected.

If the sales in question be considered as real, the slaves conveyed by them are property of the matrimonial community of defendant and her deceased husband.

Plaintiffs have failed in proving the movable effects mentioned in their petition, to have belonged to *Sargeant Pratt* before his marriage with defendant.

Judgment affirmed, with costs.